UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-01188 JGB (OPx)** | Date | January 2, 2014 |
| Title | *Vicki Lynn Barber v. CitiMortgage et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Defendant's Motion to Dismiss (Doc. No. 5) (IN CHAMBERS)

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. ("Motion," Doc. No. 5.) The Court finds this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering all the papers submitted in support of and in opposition to the Motion, the Court DENIES Defendant's Motion to Dismiss.

## I.   BACKGROUND

### A.   Procedural Background

On July 3, 2013, Plaintiff Vicki L. Barber ("Barber") filed a Complaint against Defendant CitiMortgage, Inc. ("Citi") asserting claims for: (1) negligence; (2) breach of contract; and (3) Violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

On July 30, 2013, Defendant filed its Motion concurrently with a Request for Judicial Notice ("RJN") of a Deed of Trust, recorded on July 5, 2006, (No. 2006-0455772) in the San Bernardino County Recorder's Office.[1] (RJN, Exh. 1, Doc. No. 6.) Plaintiff opposed on August

---

[1] A court may take judicial notice of matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). Both Parties have provided reference numbers for the documents, showing that they were in fact recorded; (continued . . . )

20, 2013.  ("Opp'n," Doc. No. 10.)  Defendant replied on August 23, 2013.  ("Reply," Doc. No. 11.)

**B.     Factual Background**

The following facts come from the Complaint and the judicially noticeable document.  On or about June 21, 2006, Plaintiff Barber obtained a loan from Defendant Citi and Defendant lender Lenox Financial Mortgage Corp. ("Lenox") secured by the property at 1208 East Tam O Shanter Street, Ontario, California  (the "Property").  (Compl. ¶ 2; RJN, Exh. 1.)  The legal description of Plaintiff's Property is "identified as Assessor's Parcel Number 0216-381-02-0-000 and also as Lot 37 of Tract 9787, in the City of Ontario, County of San Bernardino, State of California, as per map recorded in Book 139, Pages 49 and 50, of Miscellaneous Maps, in the Office of the Recorder of said County."  (Compl. ¶ 2; RJN, Exh. 1.)

On or about February 06, 2010, Plaintiff and Defendant Citi entered into a loan modification agreement whereby Plaintiff's modified monthly payment of principal and interest would be two thousand three hundred and seventy-six dollars and eighty-two cents. (Compl. ¶ 8.)  Plaintiff would pay property taxes on her own, separately from her loan payments.  (Id.)  During 2010 and 2011, Plaintiff made her monthly loan payments as they came due.  (Compl. ¶ 9.)  However, during the same time, Plaintiff did not make her property tax payments as they came due on the Property.  (Compl. ¶ 10.)  As a result, Defendant sent Plaintiff a letter dated July 20, 2011, which demanded proof of payment of the property taxes, or in the alternative, proof of a repayment plan for the past due property taxes by August 19, 2011.  (Compl. ¶ 11, Exh. B.)  Plaintiff submitted proof of a repayment plan on August 17, 2011, two days before the due date.  (Compl. ¶  12, Exh. C.)

On September 16, 2011, Plaintiff, despite believing she was current on her loan and tax obligations, received a letter from Defendant stating that her "mortgage account [was] still delinquent."  (Compl. ¶ 14, Exh. D.)  In November of 2011, Plaintiff then received a letter from Defendant indicating that Plaintiff's mortgage payments now included a mandatory escrow payment to pay for the Property's taxes as was Defendant's right to do so "whenever it wanted."  (Compl. ¶ 15.)  Consequently, Plaintiff visited a local branch of Defendant and was told by an agent of the bank to continue paying her loan while they looked into a hardship exception to bring her loan current.  (Compl. ¶ 16.)  In August of 2012, Plaintiff filed for Chapter 7 bankruptcy.  (Compl. ¶ 18.)  In September of 2012, Plaintiff called Defendant to make her monthly loan payment by telephone, when she was informed that she was in default on her loan.  (Compl. ¶ 19.)  Plaintiff was informed that she could apply for a short sale or another loan modification, because Defendant would no longer accept payments from her.  (Id.)  Plaintiff felt

---

( . . . continued)
this demonstrates that the documents are public records.  See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases); Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1057–58 (C.D. Cal. 2008).  Therefore, the Court grants judicial notice of this document.

she had no other choice, and applied for the loan modification.  (Id.)  On June 13, 2013, Plaintiff obtained a "Restatement Quote" from Defendant which set forth an amount of forty-nine thousand three hundred forty-six dollars and forty-two cents to cure the alleged default.  (Compl. ¶ 22, Exh. E.)  As of the date of the filing of Plaintiff's Complaint, Defendant has maintained that Plaintiff is in default on her loan.  (Compl. ¶ 21.)

## II.  LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.   Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2))); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Additionally, Rule 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).

When evaluating a motion to dismiss, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  (Id.)

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

#### A. Negligence

The elements of a cause of action for negligence are (1) duty of care, (2) breach of that duty, (3) causation, and (4) damages. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). Defendant has not argued that Plaintiff did not properly plead the causation element, and therefore the Court will assume this element has been properly pleaded in her Complaint.

##### 1. Duty

Defendant argues that Plaintiff has not alleged any facts supporting the conclusion Plaintiff's lender, or Defendant, as the servicer of the loan, acted outside the scope of a traditional lender, and thus Defendant does not owe Plaintiff a duty of care. (Motion at 4.) The Court disagrees.

Normally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). However, "[e]ven when the lender is acting as a conventional lender, the no-duty rule is only a *general* rule. Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 901 (2013) (citing Osei v. Countrywide Home Loans 692 F. Supp.2d 1240, 1249 (E.D. Cal. 2010)) (emphasis added). The Nymark court gave the proper test for determining when a financial institution owes a duty of care to a client. "In California, the test for determining whether a financial institution owes a duty of care to a borrower-client 'involves the balancing of various factors, among which are: [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to [the plaintiff], [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'" Nymark, 231 Cal. App. 3d at 1098 (quoting Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958)).

Plaintiff alleges Defendant acted outside the usual scope by: (1) sending a letter to the Plaintiff demanding she send in proof of a property insurance repayment plan by August 19, 2011 or face the consequence of the imposition of an escrow payment, and when Plaintiff timely

satisfied Defendant's demand, Defendant still imposed an escrow account on Plaintiff; (2) "lying" to Plaintiff by telling her the only way to correct Defendant's forced escrow account was for her to apply for a hardship exception; (3) placing Plaintiff in default on her loan when she was not in default; and (4) again "lying" to Plaintiff by telling her Defendant would not accept payment from her and that the only way to correct Defendant's forced escrow account was for her to apply for another loan modification or short sell the Property. (Compl. ¶¶ 19, 27.)

This conduct from Defendant could be seen as being outside the scope of a traditional lender if the Plaintiff was indeed current on her loan and tax payments. Based on these allegations, Plaintiff sufficiently alleges a duty of care given the balance of the factors quoted in Nymark. In particular, Plaintiff's allegations demonstrate: (1) the extent to which the transaction was intended to affect Plaintiff; (2) the foreseeability of harm that would come to Plaintiff by Defendant's actions; and (3) the degree of certainty Plaintiff would suffer injury. Nymark, 231 Cal. App. 3d at 1098. Moreover, federal courts in California have found a lender and/or servicer owed a duty in similar situations. See, *e.g.*, Ansanelli v. JP Morgan Chase Bank, N.A., No. C 10–03892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. March 28, 2011) (denying motion to dismiss given that "the complaint alleges that defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan" and then reneged); Robinson v. Bank of Am., 12-CV-00494-RMW, 2012 WL 1932842 at *7 (N.D. Cal. May 29, 2012) (finding "[Defendant] went beyond its role as a 'silent' lender in its dealings with plaintiff…[when] [Defendant] is alleged to have executed and breached the modification agreement, then engaged in a series of contradictory and somewhat misleading communications with plaintiff — in person, in writing, and by phone — regarding the status of his loan.")

Therefore, Plaintiff has sufficiently pleaded a duty of care owed to her by Defendant.

### 2. Breach

Defendant next argues that Plaintiff's pleading invalidates her breach allegations because "the language of the [Deed of Trust] that Plaintiff acknowledges is at odds with her allegation that Citi imposed an escrow account without any right." (Motion at 6.) Plaintiff counters that the breach as alleged "involves Citi's mishandling of Barber's loan, specifically [1] force-playing [*sic*] an escrow account despite prior written assent to Barber's direct payment arrangement and [2] initiating and maintaining foreclosure, despite evidence that Barber was in fact current on her payments." (Compl. ¶ 35; Opp'n at 7.) These allegations of the mishandling of Plaintiff's loan is sufficient to plead a breach of a duty of care. Robinson, 2012 WL 1932842 at *7 (finding a breach of a duty of care where lender engaged in several contradictory and misleading communications with plaintiff in regards to his loan).

### 3. Damages

Defendant argues that Plaintiff has not suffered damages because she is not in foreclosure proceedings and therefore her claim is "unripe." (Motion at 6-7.) However Plaintiff alleges in her Complaint damages not from foreclosure proceedings, but from the "emotional anguish" because of the "threat of foreclosure." (Compl. ¶ 36.) Moreover, Plaintiff also alleges damage

to her credit score and ability to borrow money as a result of the wrongful default of her loan. (Id.) "With respect to damage to credit rating, courts in California and the Ninth Circuit have stated that damage to credit rating may be considered when awarding compensatory damages." Sanders v. Fid. Mortgage Co., C 05-04990 MHP, 2009 WL 1246686 at *6 (N.D. Cal. May 5, 2009) (citing to Anderson v. United Fin. Co., 666 F.2d 1274, 1277 (9th Cir. 1982) (stating that damages can be recovered for "injury to credit reputation"); Davis v. Local Union No. 11, Int'l Bhd. of Elec. Workers, 16 Cal. App. 3d 686, 695–96 (1971) (same)). While Plaintiff will still have to prove damages, at this stage they are properly pleaded.

Therefore, Defendant's motion to dismiss Plaintiff's negligence claim is DENIED.

### B. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: "(1) the existence of a contract; (2) plaintiffs' performance or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages." Thomas v. EMC Mortgage Corp., CV-0715 MCE CKD, 2013 WL 2449586 at *2 (E.D. Cal. June 5, 2013) (citing to Armstrong Petroleum Corp. v. TriValley Oil & Gas Co., 116 Cal. App. 4th 1375, 1390 (2004)). Defendant only argues the third and fourth elements of the claim. (Motion at 7-9.)

#### 1. Defendant's Breach

Defendant argues it did not breach its contract with Plaintiff, because when she originally did not pay her outstanding tax obligations, the Deed of Trust authorized Defendant to protect its interest by imposing an escrow account to pay those taxes. (Motion at 7, 8; RJN, Exh. 1.) The Deed of Trust states that the lender "may do and pay for whatever is reasonable or appropriate to protect the lender's interest." (RJN, Exh. 1.)

Plaintiff argues that the letter sent by Defendant demanding proof of payment of the taxes or in the alternative, proof of a repayment plan by August 19, 2011 made explicit what Defendant believed was "reasonable or appropriate." (Opp'n at 9; RJN Exh. 1.) In other words, if Plaintiff complied with one of the letter's requirements (*i.e.* paying the taxes or setting up a repayment plan), then Defendant would not advance payments — in the form of an escrow account — for the outstanding taxes. (Opp'n at 9.) However, "if defendants were given the right to do what they did by the express provisions of the contract there can be no breach." Hopkins v. Wells Fargo Bank, N.A., CIV. 2:13-00444 WBS, 2013 WL 2253837 at *6 (E.D. Cal. May 22, 2013) (citing Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992)). Thus, this argument by Plaintiff fails since it was Defendant's right to impose an escrow account to pay Plaintiff's owed back taxes.

However, Plaintiff also alleges numerous other counts of breach, including: (1) placing Plaintiff in default (Compl. ¶ 48); (2) Defendant "failing to abide by the terms of the loan modification agreement and surviving provisions of the original note and original deed of trust which expressly set forth the circumstances by which Defendants can initiate and carry out foreclosure" (Compl. ¶ 50); and (3) Defendant initiating foreclosure in direct violation of the provisions of the deed of trust because Plaintiff was not in default (Compl. ¶ 51). If, as the

Complaint alleges, Plaintiff was not in default and Defendant still initiated foreclosure against her in violation of the provisions of the loan modification and pervious agreements, then this would be sufficient to allege a breach of contract by Defendant.

Therefore, the Court finds the Plaintiff has pleaded sufficient allegations for a breach of contract by Defendant.

### 2. Damages

Next Defendant argues that Plaintiff cannot recover for mental and emotional damages stemming from the harm to Plaintiff's credit reputation and the fear of the loss of her home. (Motion at 8, 9.)  Defendant argues these damages are inappropriate for a contract action under Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994) ("damages for mental suffering and emotional distress are generally not compensable in contract actions").  The Court agrees that mental suffering and emotional distress damages are not generally compensable in breach of contract actions.

Defendant also argues that Plaintiff's economic damages are speculative because they are premised on foreclosure proceedings which Plaintiff did not allege are underway.  (Motion at 9.)  Furthermore, Defendant argues that Plaintiff's claim of damage to her credit reputation is undermined by the fact that Plaintiff was already not compliant with her loan obligations before Defendant took any action. (Motion at 7-9.)  However, Plaintiff alleges damages because of the "loss of her home through foreclosure." (Compl. ¶ 52.)  In Exhibit E ("Reinstatement Quote") attached to the Plaintiff's Complaint, there is a section of six items under the heading "Foreclosure Fees & Costs" totaling one thousand three hundred and forty-nine dollars and thirty-six cents. (Exh. E.)  These alleged costs are clearly economic damages.  Additionally, Plaintiff alleges that her credit reputation has been damaged and continues to be damaged due to the wrongful reporting of Plaintiff's payment delinquencies. (Compl. ¶ 52.)  Sanders v. Fid. Mortgage Co., C 05-04990 MHP, 2009 WL 1246686 at *6 (N.D. Cal. May 5, 2009).  Since the Court takes Plaintiff's allegations as true, at this stage the Plaintiff has been properly pleaded damages to her credit.  Therefore, the allegations Plaintiff makes in her Complaint combined with the attached Exhibit properly pleaded economic damages.

The Court therefore DENIES Defendant's motion to dismiss Plaintiff's breach of contract claim.

### C. FCRA

In Plaintiff's Opposition she voluntarily dismisses her Fair Credit Reporting Act ("FCRA") claim. (Opp'n at 10.)

The Court therefore DISMISSES the FCRA claim from the Complaint without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**